# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEANGELO EDWARDS,<br><br>Defendant. | CASE NO. 1:16-cr-081<br><br>JUDGE BLACK |

## PRELIMINARY ORDER OF FORFEITURE

On August 17, 2016, a grand jury for the Southern District of Ohio returned an Indictment (Doc. 1), charging the defendant with Possession by a Prohibited Person of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). A forfeiture allegation in the Indictment contained notice to the defendant that the United States would seek the forfeiture of all firearms and ammunition involved in the violation, including but not limited to, a 9 millimeter Smith & Wesson model M&P 9 semi-automatic handgun bearing serial number HRA4343, including any attachments and seventeen (17) rounds of Speer 9 millimeter ammunition (the "subject property").

On November 16, 2018, defendant Deangelo Edwards entered into a Plea Agreement (Doc. 42) with the United States in which the defendant agreed to plead guilty to Count 1 of the Indictment and agreed to forfeit the subject property. The defendant entered a plea of guilty to Count 1 of the Indictment on January 25, 2019 (Docket entry January 25, 2019).

The Court finds, based on the record in this case, that the subject property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant had an interest in such property, and the United States has established the requisite nexus between the subject property and the offense to which the defendant has pled guilty.

Therefore, pursuant to Fed. R. Crim. P. 32.2,

IT IS ORDERED that all right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

IT IS FURTHER ORDERED that the United States shall publish notice, pursuant to Fed. R. Crim. P. 32.2(b)(6), of this Order and of its intent to dispose of the subject property and send notice to any person who reasonably appears to be a potential petitioner with standing to contest the forfeiture in an ancillary proceeding. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

IT IS FURTHER ORDERED that pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), the United States shall seize the subject property, whether held by the defendant or a

third party; conduct whatever discovery is necessary to identify, locate or dispose of the property; and commence proceedings that comply with any statutes governing third-party rights.

IT IS FURTHER ORDERED that pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture shall become final as to the defendant at sentencing and shall be made part of the sentence and included in the judgment.

      s/Timothy S. Black
Timothy S. Black
UNITED STATES DISTRICT JUDGE